## THIRD DEPARTMENT, JULY, 1960

### (July 12, 1960)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD B. BROWN, Appellant, against W. CECIL JOHNSTON, as Director of Dannemora Hospital, Respondent.— Appeal by relator from an order of the Supreme Court entered in Clinton County, May 1, 1959, denying an application for a writ of habeas

corpus. On October 9, 1952, during a trial in Erie County Court upon a multicount indictment, relator entered a plea of guilty to the crime of rape, first degree, one of the counts in the indictment. Thereafter and on October 24, 1952, he was sentenced to Attica State Prison for a term of one day to life. He was thereafter transferred to Dannemora State Hospital. During the trial relator was represented by assigned counsel. He disagreed with his counsel as to the manner of his trial and counsel asked to be relieved of the assignment. The court declined, but assigned another attorney to aid relator, so at the time he entered his plea he was represented by two assigned counsel. Aside from many extraneous matters and contentions with which we are not directly concerned on this appeal, relator contends in his petition that (1) at the time of sentence he was not asked the question pursuant to section 480 of the Code of Criminal Procedure; (2) that assigned counsel did not properly represent him; and (3) that his transfer from Attica State Prison to Dannemora State Hospital was illegal. It appears from the judgment of conviction and from the written Clerk's minutes made at the time of sentencing that the question was asked, and that "no sufficient cause being alleged or appearing to this Court why judgment should not be pronounced, judgment is thereupon pronounced". In any event, failure to ask the question under section 480 does not vitiate the conviction but only entitles the defendant, upon proper motion, to be resentenced *nunc pro tunc*. (*People ex rel. Egitto* v. *Jackson,* 7 A D 2d 808, motion for leave to appeal denied 5 N Y 2d 711, cert. denied 360 U. S. 906; *People ex rel. De Pasquale* v. *McMann,* 8 A D 2d 662.) There is no merit to relator's unsupported conclusion that he was improperly represented by assigned counsel. It appears that he was represented by two assigned counsel under the careful supervision of the court at the time he entered his plea of guilty. In any event, such a question cannot be raised by habeas corpus when it is clear that the court had jurisdiction of the person and of the offense charged. (*People ex rel. Sedlak* v. *Foster,* 299 N. Y. 291.) Neither may the place of confinement be challenged by habeas corpus. Once a valid commitment is made the place of detention is an administrative matter not subject to court intervention. (*People ex rel. Sacconanno* v. *Shaw,* 4 A D 2d 817.) Since relator's term of imprisonment has not expired the writ was properly denied. Order unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.